Good morning, your honors. Kenneth M. Stern for appellant. Since the original opening brief was filed, the Supreme Court has decided Plyler v. Ford, which has set forth and has clarified quite a bit the statute of limitations and what the district court should be doing. need be doing, need not be doing, regarding these statute of limitation cases where there are mixed petitions. So I'd like to note, particularly in Plyler v. Ford, the court did not rule out the existence of equitable tolling in these types of cases. And in fact, because in that case, this Court had never had to reach the issue of equitable tolling and sent the case back for redetermination, equitable tolling exists. And because this case before you now is based upon equitable tolling, I would like to address the fact that Let me ask you some questions about this. As I understand it, at one point along the way, the district court did grant a stay of the Federal petition. Yes, your honor. So that Mr. Smith could go back and exhaust Claim 4. He went back and exhausted the claim. Then he came back to district court and he recast the claim a bit. Yes. Instead of an ineffective assistance of counsel, it became a due process claim. Right. So the claim changed and he needed to go back. So he still had a mixed petition. Yes, your honor. Okay. And then the district court, there was a motion by the State to dismiss. Yes, your honor. The district court granted that motion and dismissed the petition without prejudice, right? Right. Now, which was interesting, which I found interesting was that although the district court had considered a stay before, it didn't consider a stay the second time. Well, that's what I found interesting. A stay in abeyance. Yes. And in a later case called Kelly v. Small, it seems like the district court had an obligation to consider a stay in abeyance at that time as well. Well, actually, your honor, Appellant did request another stay in abeyance and the court the district court, I believe, felt that it didn't need to do that because Appellant could have the petition dismissed without prejudice and go back, exhaust the claim and then come back in. And Tillema v. Long addressed that. But at that time, the statute would have expired, correct? Even though he had tacked on the original time that he went back for claim four. Yes, your honor. By that time, the statute of limitations would have expired and absent equitable tolling did expire the moment the petition was dismissed. And that's where you get into this whole problem with the court dismissing without prejudice and Tillema v. Long addresses that issue is that it's not really without prejudice if once you dismiss the case, the statute of limitations is run. And I don't believe the district court realized that that would be the effect of its conduct. And that's why I believe this case falls under the Joris v. Gomez case where it indicates where through no fault of the litigants on the court, I can give you the site on that, your honor, and I could be horse versus Gomez, 266 F 3rd 955 cited at page 8 in my opening brief, where the problem with the statute of limitations comes because of something the court does, and that is an instance of where equitable tolling is, goes into effect. And I believe that's what you have here. He was representative this time. How does that factor into this? Well, in Plyler v. Ford, and in many cases, the court says something that I think I don't agree with personally, but the court says that someone who is not represented by counsel is held to the same standards as someone who is represented by counsel. And I don't think in this case it makes a difference because appellant did ask the court to do the stay and obey procedure, and the court did not do that. I think it would have been helpful if counsel had calculated the statute of limitations and pointed that out forcefully to the court, that the without prejudice factor would not really exist. But the request was made to stay and obey, and the court neither granted that, which it certainly had the discretion to do, nor did it advise appellant that he should consider the fact the statute of limitations may have run, which under Plyler v. Ford, the court does not have an obligation to do at this point. But he should have given the appellant the option of dismissing the unadjusted claim and going forward. You have the problem, I think, not contemplated under Plyler v. Ford in terms of the court's duties, that while they may not have a duty to do certain things, here they did something affirmative, which cut off appellant's rights, which was, despite the request to stay and obey, the court refused that request and said, well, this is going to be without prejudice anyway, so you don't need to do that. Now, counsel, in Plyler v. Ford, they remanded it for consideration of whether there was, should be equitable tolling. Is that what we should do here? Well, I think the court, I think that based upon Joris v. Gomez and Tillamow v. Long, I believe those cases are still consistent with Plyler v. Ford. So I believe this court should make a determination that, A, equitable tolling is still a proper method of tolling the statute of limitations, and, B, because it was the court's own affirmative conduct, which I believe that it felt would not prejudice appellant, that because of its own conduct under Joris and Tillamow v. Long, that that should be a valid basis for equitable tolling. I believe that appellant really did everything that could be expected of him to try and preserve his claims in the district court and should not be faulted because he made a request which the court didn't grant, not because it wanted to cut off his rights, but because it felt that it could grant that type of order without cutting off the rights. And since the court itself cut off those rights, I believe that equitable tolling does exist. Kagan. So the court made the statement that he would lose all right to this particular claim if it were dismissed. Is that right, if the claim were dismissed? I think that if the court informed him that your statute of limitations may run, but that's up to you whether you want to dismiss or that this may or may not be without this exhausted claim or take your chance on going back to the state court. I think if that's what the district court had done, then my client would not have a strong claim to equitable tolling. But since I believe the record reflects that the court believed in making the statement that it was without prejudice, it believed that he could go back to state court and come back into federal court and not have a problem with the statute of limitations. I would like to reserve my remaining 42 seconds for questions. That's fine. You can have a minute. Thank you. Good morning, Your Honor. Deputy Attorney General Erica Jackson on behalf of the Warden. I'm not sure if the recitation of the facts is correct, according to counsel. According to the record, the originally, when Petitioner filed his petition, on his own with counsel, I assume, determined that the claims, one of the claims was not exhausted. And counsel initiated the stay and abeyance procedure originally. And that's how the stay and abeyance procedure started in this case. And the court granted that stay request initially to allow Petitioner to go back to state court to exhaust the claim for. And Petitioner, as the court noted, when he came back to federal court, changed the claim. Right. And once again had an unexhausted petition. And the state filed a motion to dismiss on that ground because the claim was not exhausted. The court then filed a motion. I suppose the district court didn't consider staying and holding the exhausted claims in abeyance. Well, it did. Well, he went back on that sort of renewed fourth claim. Well, Petitioner was represented by counsel at all times in federal court. And I assume the court was charging counsel with filing a proper petition and knowing that the timeline has been set. Well, his counsel seemed to think later correspondence seems to indicate that his counsel. His counsel had thought that there had been an ongoing stay and abeyance while he went back with the new fourth claim. Well, it's not clear why he would have thought that because the district court never stated that. Oh, I know. But I was just. As a matter of fact, the district court seemed to imply that the counsel was misleading the court by misrepresenting the facts as they had occurred in the case and stating that when he came back the second time that he wanted to reinstate a state petition. And the court said that petition was never stayed. In fact, the court dismissed it without prejudice for him to, you know, to do. At that point, there was nothing he could do because time expired. But, however, the court had noted in its R&R that he could proceed with the three exhausted claims. If Petitioner wanted to pursue his rights regarding those claims, he could have done so at that time. However, Petitioner never bothered to respond to the court's order, and the petition was dismissed. However, at that time, he could have proceeded. But he chose not to. And then when he went back. Why did the court dismiss without prejudice? I'm not sure at that point, Your Honor. The court was not charged with determining the time frame and may have believed or may not have believed that Petitioner could have come back. But as Plotner v. Ford stated, the district court is not charged with the burden of doing the calculations for Petitioner. But isn't the first. We've said the court should stay when there's an unexhausted thing. The court knew that. It did it the first time. It failed to do it the second. Both judges have asked you about it. You've offered no explanation. The second time, the judge just made a serious mistake. I don't know why the court didn't do it the second time. Well, won't you admit it was a serious mistake? It was not a mistake. It was not a mistake. He didn't follow Ninth Circuit for President. He was not required to stay. Yes, he was. He was required to stay. He was certainly required to consider it. Well, the court may have considered it because he had already done it the first time. We don't know that. We don't know. It has to be on the record. That's correct. It's not something in his mind. It has to be shown on the record that he considered it. It's not shown. The case is over. We go back. You've wasted a lot of time. I'm not aware that the court is required to. You're not? The case is dismissed because he didn't stay the petition. Is that what the court is saying? The court is required to consider it. If there's nothing on the record showing it, it goes back. I was not aware that that was the law at this time. You're not? No. I believe that under Quality IV, the issue was whether equitable tolling was involved in this case, and it is not because Petitioner is not entitled to any under the current case law. Because the case law? Under the current case law, Petitioner is not entitled to equitable tolling because he was not advised of the right to go back to State court to exhaust the claim, and the court is not required to do those kinds of things. No, but we've set up a procedure which the United States Supreme Court took note of that, and I guess other circuits do it, too. When you've got mixed petitions and one has to be exhausted, the proper thing to prevent the statute running is to stay. That should be just standard knowledge of the Attorney General's office. Well, my understanding was that under the cases, what cases is the court referring to? I was referring to the cases that counsel cited. It was George v. Gomez and another case which are factually different from this case. Well, I guess we'll have to write another opinion. Okay. I noticed, by the way, in your brief, you are presenting this total procedural defense that time has run, and yet you give us a page on the crime of the Petitioner. Now, what is the purpose of setting out the crime if we're not going to get to the merits? Is it factual proceedings in the case? That's what we always do. I put the ---- I'm asking you, what is the purpose of setting out the facts of the crime when your defense is procedural? Because that's what occurred in the case. That's what? That's what occurred in the case. We give a factual history procedure. Well, what relevance does it have? It's ---- I don't know if it's relevant in this particular proceeding, but it's something that's always placed in a brief. Isn't it there just to arouse some dislike of the Petitioner? Well, I don't know whether it would cause dislike or not. Well, it's a very unsavory fact. Well, I mean, a lot of the cases have unsavory facts. Well, yes, but why are they put in? Your defense is you shouldn't consider the time has run. So what relevance are the facts? It's just a factual background and relevance. It just shows the proceedings in the case. You could state the facts. You'll be kidnapping, period. That's true. However, there was more involved in the kidnapping than that. What? There was more involved in the kidnapping than just the police kidnapping. It seems to me a very procedural practice that I think you ought to think about. I will do so, Your Honor. Unless there are any further questions. Your Honors, my own belief is that substantive justice should always take precedence over procedural niceties when it comes to someone's liberty. Now, the law doesn't always agree with me on that point. Sometimes the law says procedural niceties do take precedence.  The law does agree with me, Your Honors. This is a case where equitable tolling is proper. Thank you. Thank you. The matter will stand submitted.
judges: B. Fletcher, Noonan, Paez